US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 0 5 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| NICOLE BLAKELEY, *on behalf of herself and all others similarly situated*,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FABER AND BRAND, LLC,  )<br>  )<br>Defendant.  )<br>_____  ) | CIVIL ACTION NO:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br>17-5172 |

## NATURE OF ACTION

1. Plaintiff Nicole Blakeley ("Plaintiff") brings this putative class action against Defendant Faber and Brand, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of herself and all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may

1

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Def's of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

2

## THE FAIR DEBT COLLECTION PRACTICES ACT

8. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

9. "[T]he FDCPA is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Cordes v. Frederick J. Hanna & Associates, P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008)).

10. "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F.Supp.2d 1041, 1043 (D. Minn. 1999).

11. "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

12. The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but they also contain an 'objective element of reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

13. Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

## PARTIES

14. Plaintiff is a natural person who at all relevant times resided in the State of Arkansas, County of Benton, and City of Rogers.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated May 24, 2017.

23. A true and accurate copy of Defendant's May 24, 2017 letter is attached as Exhibit A.

24. Defendant's May 24, 2017 letter was its initial communication with Plaintiff in connection with the collection of the Debt.

25. Defendant's May 24, 2017 letter identified the balance of the Debt as: "Amount Due: $811.98, interest as of May 24, 2017: $6.27."

26. Defendant's May 24, 2017 letter did not contain any other statements regarding the amount of the Debt.

27. Plaintiff, or the least sophisticated consumer, could reasonably believe that the balance of the Debt totaled $811.98, which included $6.27 of interest.

28. Alternatively, Plaintiff, or the least sophisticated consumer, could reasonably believe that the total amount of the Debt was $818.25, with a principal balance of $811.98 and interest in the amount of $6.27.

29. When Plaintiff received Defendant's May 24, 2017 letter, she was confused as to what Defendant was claiming the correct total amount of her Debt was.

30. Defendant's May 24, 2017 letter does not clearly and unambiguously indicate how much is owed on the Debt.

31. Because Defendant's letter is subject to multiple interpretations, one of which is necessarily false, the letter is deceptive as a matter of law.

## CLASS ALLEGATIONS

32. Plaintiff repeats and re-alleges all factual allegations above.

33. Defendant's May 24, 2017 letter is based on a form or template used to send collection letters (the "Template").

34. The Template states both an amount due and the interest that has accrued as of a certain date.

35. The Template fails to effectively communicate whether the "Amount Due" is inclusive or exclusive of the interest amount listed.

36. Defendant has used the Template to send collection letters to over 40 individuals in the State of Arkansas within the year prior to the filing of the original complaint in this matter.

37. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with an Arkansas address to whom Defendant sent a letter based on the Template within one year before the date of the original Complaint in connection with the collection of a consumer debt.

38. The proposed class specifically excludes the United States of America, the State of Arkansas, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eighth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

39. The class is averred to be so numerous that joinder of members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

42. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact

predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

43. Plaintiff's claims are typical of those of the class she seeks to represent.

44. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

45. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

47. Plaintiff is willing and prepared to serve this Court and the proposed class.

48. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

49. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a

practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

54. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

55.     Plaintiff repeats and re-alleges each factual allegation above.

56.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

57.     "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("We recognize there are many cunning ways to circumvent § 1692g under cover of technical compliance, but purported compliance with the form of the statute should not be given sanction at the expense of the substance of the Act.") (internal citation omitted).

58.     Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the Debt to Plaintiff in its initial communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

   b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class she seeks to represent;

9

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

59. Plaintiff repeats and re-alleges each factual allegation above.

60. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

61. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

62. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

63. Under the FDCPA, "a literally true statement can still be misleading," and "consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011).

64. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in its May 24, 2017 letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

65. Plaintiff repeats and re-alleges each factual allegation above.

66. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (internal quotation omitted)).

67. Defendant violated 15 U.S.C. § 1692e(10) in its May 24, 2017 letter by conveying the amount of the Debt in an ambiguous manner with the capacity to mislead the consumer as to the correct amount.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

68.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 29, 2017.

Respectfully submitted,

Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile

rthompson@consumerlawinfo.com
Attorney for Plaintiff